## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THUAN VO TRAN, INDIVIDUALLY AND ON BEHALF OF TRAN & PETER, LLC, TRINH VAN TRAN, HUE NGUYEN, PHUC VO, LANH TRAN, AND HA NGUYEN** | CASE NO:  2:12-cv-999_____ |
| **VS.** | JUDGE:_____ |
| **ABDON CALLAIS OFFSHORE, LLC, CHARLES M. CALLAIS, COREY CALLAIS, AND CAPT. JACK PRESTON SEARS, JR.,** *IN PERSONAM* **ST. JOSEPH THE WORKER** *IN REM* | MAGISTRATE:_____ |
| | ## COMPLAINT ## FOR DAMAGES |

NOW INTO COURT, through undersigned counsel, come Plaintiffs:

1)   **THUAN VO TRAN:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana, individually and on behalf of **TRAN & PETER, LLC**, a Louisiana corporation with its principle place of business in Louisiana**;**

2)   **TRINH VAN TRAN:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana**;**

3)   **HUE NGUYEN:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana**;**

4)   **PHUC VO:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana**;**

5)   **LANH TRAN:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana**;** and

6)   **HA NGUYEN:** a person of the full age of majority and resident of Orleans Parish, State of Louisiana**;**

who file this Complaint for Damages, designated as an Admiralty and General Maritime Claim, and with respect aver as follows:

### Costs

I.

Plaintiffs bring this action pursuant to the provisions of 28 U.S.C s 1916 without prepayment of fees and costs, and without deposit of security.

### Jurisdiction

II.

Jurisdiction and venue of this matter are proper, as the claims presented herein include a claim for property damage and personal injuries under the general maritime law of the United States.

### Venue

III.

Venue is proper because the defendants do business in the State of Louisiana, and the incident that is the cause of this action occurred off the coast of Louisiana.

### Parties

IV.

Made defendants herein are:

1) **ABDON CALLAIS OFFSHORE, LLC:** a limited liability company organized under the law of Louisiana, and has its principal place of business located at 1300 North Alex Plaisance Blvd., Golden Meadow, Louisiana, and at all times pertinent herein owned and operated the a marine vessel in the inland waters of the State of Louisiana and the Gulf of Mexico;

2) **CHARLES M. CALLAIS**: a person of the full age of majority and resident of LaFourche Parish, State of Louisiana, and at all times pertinent herein was a managing member of Abdon Callais Offshore, LLC;

3) **COREY CALLAIS:** a person of the full age of majority and resident of LaFourche Parish, State of Louisiana, and at all times pertinent herein was a managing member of Abdon Callais Offshore, LLC; and

**4)** **CAPTAIN JACK P. SEARS, JR.:** a person of the full age of majority and resident of LaFourche Parish, State of Louisiana, and at all times pertinent herein was at the control the marine vessel owned and operated by Abdon Callais Offshore, LLC, that struck the F/V Star Ocean;

### *Maritime Status*

### V.

At all times mentioned herein, the F/V STAR OCEAN was a vessel operating on the navigable waters of the United States.

### VI.

The Defendants are jointly, severally, solidarily and vicariously indebted unto your petitioner, together with interest and all costs of these proceedings, for the following particulars, to-wit:

### <u>FIRST CAUSE OF ACTION – NEGLIGENCE</u>

### VII.

On, or about, March 1, 2012, the F/V Star Ocean, a commercial fishing vessel owned and operated by Tran & Peter, LLC, left port in Venice, Louisiana, to embark on a commercial fishing trip.  At the helm of the F/V Star Ocean was the plaintiff, Trinh Van Tran, who was the captain. Also on the vessel were four deckhands: Hue Nguyen, Phuc Vo, Lanh Tran, and Ha Nguyen. Phuc Vo was with Trinh Van Tran to serve as a look-out person as the boat sailed into the Gulf of Mexico.  About two hours into the trip, fog set in.  Trinh Van Tran slowed the F/V Star Ocean down to a very slow speed for safety reasons and slowly navigated the fishing vessel through the thick fog.  Suddenly and without warning, the F/V Star Ocean was struck on the port side perpendicularly by the M/V St. Joseph the Worker, a marine vessel owned and operated by Abdon Callais Offshore, LLC, at the South Timbalier block 27 in the Gulf of Mexico.  The impact of the collision split the F/V Star Ocean in half, and it sank with Trinh Van Tran, Hue Nguyen, Phuc Vo, Lanh Tran, and Ha Nguyen on board.

VIII.

The sole and proximate cause of the injuries and damages sustained by the Plaintiffs was the individual, joint, solidary, concurrent and/or successive negligence of the Defendants in the following non-exhaustive particulars:

a) **Captain Jack P. Sears, Jr.**:

    1)    failing to yield to the Star Ocean;

    2)    navigating his ship recklessly;

    3)    failing to observe F/V Star Ocean in due time to avoid hitting same;

    4)    failing to observe due caution;

    5)    failing to have a look-out person;

    6)    failing to sound the fog horn;

    7)    failing to properly supervise the crew;

    8)    other acts of negligence that may be proven at trial of this matter;

b) **Abdon Callais Offshore, LLC**:

    1)    negligently and carelessly failed to properly select, train, and/or supervise their employees including, but not limited to Captain Jack P. Sears, Jr.;

    2)    negligently and carelessly put or allowed to remain on navigable waters an unqualified and/or reckless captain;

    3)    negligently and carelessly failed to screen and test their employees periodically to monitor and evaluate their skills;

    4)    negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their captains and/or mates;

    5)    negligently and carelessly failed to provide periodic systematic safety

training for their employees;

6)     negligently entrusted their vessel to the defendant, Captain Jack P. Sears, Jr.;

7)     any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

c)     **Charles M. Callais:**

1)     negligently and carelessly failed to properly select, train, and/or supervise their employees including, but not limited to Captain Jack P. Sears, Jr.;

2)     negligently and carelessly put or allowed to remain on navigable waters an unqualified and/or reckless captain;

3)     negligently and carelessly failed to screen and test their employees periodically to monitor and evaluate their skills;

4)     negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their captains;

5)     negligently and carelessly failed to provide periodic systematic safety training for their employees;

6)     negligently entrusted their vessel to the defendant, Captain Jack P. Sears, Jr.;

7)     any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

d)     **Corey Callais:**

1)     negligently and carelessly failed to properly select, train, and/or supervise their employees including, but not limited to Captain Jack P. Sears, Jr.;

2)     negligently and carelessly put or allowed to remain on navigable waters an unqualified and/or reckless captain;

3)     negligently and carelessly failed to screen and test their employees

5

periodically to monitor and evaluate their skills;

4)     negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their captains;

5)     negligently and carelessly failed to provide periodic systematic safety training for their employees;

6)     negligently entrusted their vessel to the defendant, Captain Jack P. Sears, Jr.;

7)     any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

IX.

At the time of the accident, Captain Jack P. Sears, Jr. was in the course and scope of his employment with Abdon Callais Offshore, LLC.  As the employer of Captain Jack P. Sears, Jr., Abdon Callais Offshore, LLC is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during his course and scope of employment.

X.

The Plaintiffs itemize the damages to which they are entitled as a result of the accident and injury proximately caused by the negligence of the Defendants as follows, to-wit:

a)     Past physical pain, suffering and discomfort;

b)     Past mental anguish, aggravation, and annoyance;

c)     Disability;

d)     Future physical pain, suffering and discomfort;

e)     Future mental anguish, aggravation and annoyance;

f)     Past medical expenses;

g)      Past lost wages;

h)      Future lost wages;

i)      Property damage;

j)      Loss of use of their vessel;

k)      Loss of enjoyment of life;

l)      Loss of use/function of parts of body;

m)      Impairment of psychological functioning;

n)      Disability from engaging in recreation;

o)      Destruction of earning capacity.

## SECOND CAUSE OF ACTION - UNSEAWORTHINESS

### XI.

The Defendants, **ABDON CALLAIS OFFSHORE, LLC, CHARLES M. CALLAIS, COREY CALLAIS,** and **CAPTAIN JACK P. SEARS, JR.,** are further liable to the plaintiffs for their damages, as those damages were additionally and/or alternatively caused by or contributed to by the unseaworthiness of the M/V St. Joseph the Worker in that the vessel and her appurtenances were being operated in such a manner as to unreasonably endanger the plaintiffs' safety; said vessel and her appurtenances were in a dangerous, defective and hazardous condition; the vessel lacked the required maintenance; and her equipment was not in proper working order.

### *In Rem*

### XII.

This is a claim within the admiralty and maritime jurisdiction of the Court, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### XIII.

Based on information and belief, the defendant vessel, M/V St. Joseph the Worker, at all times pertinent hereto was a vessel within the jurisdiction of the United States District Court, Eastern District of Louisiana.

XIV.

The Plaintiffs assert a maritime lien against the M/V St. Joseph the Worker based upon entitlement to damages resulting from the unseaworthiness of the said vessel causing or contributing to the harm alleged.

XV.

The Plaintiffs petition this Court to declare a valid and subsisting lien against M/V St. Joseph the Worker and for a judgment *in rem* against the vessel and to issue an order directing the sale of the vessel, her engines, tackle, appurtenances and tugging rights when the time requires, and to direct the disbursement of the proceeds to the Plaintiffs to the extent necessary to satisfy the judgment against said vessel, reserving any and all rights *in personam* against the named defendants.

XVI.

Plaintiffs request **TRIAL BY JURY**.

WHEREFORE, the Plaintiffs, **THUAN VO TRAN,** individually and on behalf of **TRAN & PETER, LLC, TRINH VAN TRAN, HUE NGUYEN, PHUC VO, LANH TRAN, AND HA NGUYEN** reincorporate each and every allegation above, and pray for judgment against the Defendants, jointly and severally, as follows:

1) For specific and general damages;

2) For the maritime lien on behalf of plaintiffs to be recognized, and judgment *in rem* rendered against St. Joseph the Worker;

3) For all prejudgment interest and legal interest according to law;

4) For attorney's fees according to general maritime law;

5) For the plaintiffs' costs of suit incurred herein; and

6) For such other relief as the Court may deem just.

**Respectfully Submitted:**

/s/: Anh Quang Cao

_____

**ANH QUANG CAO (Bar No. 26836)**
**RYAN BEASLEY,** *Of Counsel* **(Bar. No. 28492)**
**CAO LAW FIRM**
**2439 Manhattan Blvd., Suite 302**
**Harvey, Louisiana 70058**
**(504) 367-5001**
**E-Mail: acao@loyno.edu**

Service Instructions:
Service to be made via Waiver