UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THUAN VO TRAN, ET AL.                    CIVIL ACTION


VERSUS                                   NO: 12-0999


ABDON CALLAIS OFFSHORE, LLC,             SECTION: "A" (4)
ET AL.


**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment as to the claims against Charles Michael Callais and Corey Callais (Rec. Doc. 80) filed by defendants Charles Michael Callais and Corey Callais ("Member Defendants"). Plaintiffs oppose this motion. The motion, set for submission on March 25, 2015, is before the Court on the briefs without oral argument.

**I. Background**

Plaintiffs Thuan Vo Tran, individually and on behalf of Tran & Peter LLC, Trinh Van Tran, Hue Nguyen, Phuc Vo, Lanh Tran, and Ha Nguyen brought this action alleging injuries from a two-vessel collision that occurred on March 1, 2012. (Rec. Doc. 2; Comp., at ¶7). Plaintiffs, on board the F/V Star Ocean, allege that they were carefully proceeding through foggy conditions after entering the Gulf of Mexico when the M/V St. Joseph the Worker, "suddenly and without warning," struck the port side of the F/V Star Ocean, causing the vessel to split and sink. *Id.*

Plaintiffs claim that Captain Jack P. Sears, Jr. piloted the M/V St. Joseph the Worker in a reckless manner and failed to

take a number of ordinary precautions.  They further claim that

Abdon Callais Offshore, LLC ("ACO," employer of Captain Sears)

and the Member Defendants (managing members of ACO) negligently

failed to train, supervise, screen, and evaluate their employees;

negligently failed to adopt proper policies for their employees;

and negligently entrusted the vessel to Captain Sears.  They also

allege unseaworthiness and bring the action in rem against the

vessel.  Plaintiffs seek damages for several injuries, including

lost wages, mental anguish, disability, physical pain, medical

expenses, property damages, and loss of enjoyment of life.

Plaintiffs filed their complaint on April 19, 2012.  The

jury trial is scheduled to commence on April 20, 2015.  The

pretrial conference was held on March 26, 2015.

## II.  Standard of Review

Summary judgment is appropriate only if, "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any," when viewed in the light most

favorable to the nonmovant, "show that there is no genuine issue

as to any material fact."  *TIG Ins. Co. v. Sedgwick James*, 276

F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby,

Inc.*, 447 U.S. 242, 249-50 (1986)).  A dispute about a material

fact is "genuine" if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  *Id.* (*citing*

*Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the nonmovant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (*citing* Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III.  Discussion

Defendants argue in the present motion that the only allegations against the Member Defendants are ones for negligence in actions taken in their role as managing members of the LLC (or "inside the structure of the LLC").  Pointing to the Louisiana statutory protection of members and managers of LLCs for liabilities of an LLC, and caselaw from the Louisiana Supreme Court interpreting the applicable statute, they contend that there is no cognizable claim against the Member Defendants under the current alleged facts.

Plaintiffs respond that the Member Defendants "had a personal duty to [P]laintiffs to make certain that qualified . .

3

. captains were at the helm . . . , [and,] [a]t the very least material issues of fact remain as to whether Charles and Corey Callais breached their personal responsibility in hiring, training, and managing qualified personnel."  (Rec. Doc. 88-1; Pls. Opp., at 13).

LA. REV. STAT. ANN. § 12:1320 reads in pertinent part as follows:

> § 1320.  Liability to third parties of members and managers
> A.  The liability of members [and] managers . . . of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
> B.  Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
> . . .
> D.  Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person . . . .
> § 12:1320.

Plaintiffs do not allege that the Member Defendants have committed any fraud or have breached a professional duty.  The question then is if the claims of negligence and the alleged facts concerning the Member Defendants trigger the exception

4

under § 1320(D) – thus potentially exposing the Member Defendants to liability for obligations of ACO.

The Louisiana Supreme Court has recently interpreted this exception allowing for the imposition of personal liability.  In *Ogea v. Merritt*, that court summarized, as follows, four factors that should be taken into consideration when determining whether the exception to limiting an individual's liability applies: 1.) the tort factor, or "if a traditional tort has been committed against any cognizable victim(s)"; 2.) the criminal conduct factor, or "if the conduct at issue constitutes a crime"; 3.) the contract factor, or if the "conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC"; and 4.) the acting inside or outside the LLC factor, or "if some duty owed by the individual defendant to the plaintiff outside his capacity as a member [has] been breached."  *Ogea v. Merritt*, 130 So.3d 888, 901–04 (La. 2013).

Here, Plaintiffs do not suggest any criminal conduct or actions sounding in contract.  Thus, the Court focuses on the first and fourth factors as a mixed inquiry.  *Id.* at 904 ("There may be instances where this inquiry [regarding the fourth factor] overlaps with the tort inquiry and / or contract inquiry.").

The allegations against Member Defendants include claims that they negligently failed to train and supervise Captain Sears

5

(and other employees), negligently allowed "an unqualified and / or reckless captain" to remain on the waters," and "negligently entrusted their vessel" to Captain Sears.  While there is no allegation that these actions occurred "outside" of the Member Defendants' roles in the LLC, the Court notes of the Louisiana Supreme Court's holding that, due to the prominence of the tort factor, § 1320(D) can encompass conduct "done in one's capacity as a member . . . of a limited liability company [that] also violate[s] some personal duty owed by the individual to the injured party." *Ogea*, 130 So.3d at 904 (quoting *Petch v. Humble*, 939 So. 2d 499, 504 (La. App. 2 Cir. 2006) (emphasis omitted)).[1]

With that being said, the Court does not today express an opinion on whether such claims in a theoretical sense could trigger the exception to limited liability provided in § 1320(D). There are no specific facts alleged in support of the conclusory statements regarding the Member Defendants, nor have the nonmovants responded with summary judgment evidence to the

---

[1] *Regions Bank v. Ark-La-Tex Water Gardens, LLC* typifies the usual scenario in which personal liability arises even when an individual is also acting in his capacity as a member of an LLC. 997 So. 2d 734 (La. App. 2 Cir. 2008).  In that case the member of the LLC personally designed and performed work on the ultimately defective water installation. *Id.* at 740.  The Louisiana Second Circuit Court of Appeals held that "pursuant to Section 1320(D), [the member] was subject to personal liability arising from his own negligence in performing the construction." *Id.*

Defendant Members' identification of such an absence in this motion.[2]  As no specific alleged facts point to any personal conduct of the Defendant Members related to these claims, any liability on the Defendant Members' part would only be based on their status as members or managers of ACO – a finding precluded by § 1320.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment as to all claims against Charles Michael Callais and Corey Callais (Rec. Doc. 80)** filed by defendants Charles Michael Callais and Corey Callais is **GRANTED.**

March 30, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs also state in their opposition that "No facts were submitted with defendants' Motion for Summary Judgment to establish whether Charles or Corey Callais were responsible for training or overseeing the activities of their captains."  (Rec. Doc. 88-1; Pls. Opp., at 13).  However, Plaintiffs have the "burden of persuasion" on this claim, and thus the Member Defendants can satisfy their "burden of production" on the motion for summary judgment by showing "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim" – as they have done here.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).